# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| BLUE OCEAN INSTITUTE and<br>CARL SAFINA | ) <br>) | |
| Plaintiffs, | ) | Civ. No. 06-1869 HHK |
| v. | ) <br>) | **FEDERAL DEFENDANTS'** |
| CARLOS GUTIERREZ and NATIONAL<br>MARINE FISHERIES SERVICE, | ) <br>) <br>) | **ANSWER** |
| Defendants. | ) <br>) | |

  The Federal Defendants in the above styled action, Carlos Gutierrez, as Secretary of Commerce, and the National Marine Fisheries Service (NMFS), hereby answer *Plaintiffs' Complaint for Declaratory and Injunctive Relief* (Nov. 1, 2006). The numbered paragraphs below correspond to the number paragraphs in Plaintiffs' complaint.

## GENERAL DENIAL

  A. Defendant denies any allegations of the complaint, whether express or implied, that are not expressly admitted, denied, or qualified herein.

  B. Plaintiffs' complaint includes numerous statements that are conclusions of law, rather than averments. To the extent any of these paragraphs are deemed to contain averments, as opposed to conclusions of law, and to the extent a further response is required, Defendants deny the allegations.

  C. Plaintiffs' complaint also quotes or characterizes documents or parts of documents that will be part of the administrative record in this case pursuant to the Administrative Procedure Act, 5 U.S.C. §706. All administrative record documents speak for themselves, and are the best evidence of their contents. To the extent Plaintiffs' allegations are inconsistent with the terms of these documents, the allegations are denied.

## ANSWERS TO NUMBERED PARAGRAPHS

1. The allegations in paragraph 1 constitute Plaintiffs' characterizations of this lawsuit, or otherwise present legal conclusions, not averments. To the extent any averments in this paragraph require a further response, Defendants deny the allegations.

2. Defendants deny the allegations in paragraph 2, except that Defendants admit that the spawning stock biomass of western Atlantic bluefin has decreased since 1970 and that bluefin tuna were listed as "overfished" in a Report to Congress dated September 30, 1997. Defendants admit that the spawning biomass of western Atlantic bluefin tuna is at its lowest recorded level.

3. Defendants deny the allegations in paragraph 3.

4. The allegations in paragraph 4 consist of legal conclusions and Plaintiffs' characterizations of the Magnuson-Stevens Fishery Conservation and Management Act (MSA), the National Environmental Policy Act (NEPA) and the Administrative Procedure Act (APA). The statutes speak for themselves, and are the best evidence of their contents. To the extent any averments in this paragraph require a further response, Defendants deny any allegations in this paragraph that are inconsistent with the statutes.

5. The allegations in the first, second, third and fifth sentences of paragraph 5 consist of legal conclusions regarding jurisdiction that require no response. To the extent a response is required, at this time, Defendants deny that this Court has jurisdiction, and further aver that Defendants are without sufficient information or belief regarding Plaintiffs standing. Defendants admit the fourth sentence.

6. The allegations in paragraph 6 consist of legal conclusions regarding jurisdiction that require no response. To the extent a response is required, at this time, Defendants deny that this Court has jurisdiction, and further aver that Defendants are without sufficient information or belief regarding Plaintiffs standing.

7. The allegations in paragraph 7 consist of legal conclusions regarding venue that require no response. To the extent a response is required, at this time, Defendants deny that this Court has venue, and further aver that this Court may lack jurisdiction.

8. The allegations in paragraph 8 constitute Plaintiffs' characterizations of this lawsuit, or otherwise present legal conclusions, not averments. To the extent any averments in this paragraph require a further response, Defendants deny the allegations.

9. Defendants deny the allegations in the ninth, tenth, eleventh, and twelfth sentences of paragraph 9. Defendants lack sufficient knowledge or information to admit or deny the remaining allegations of paragraph 9.

10. Defendants deny the allegations in the eighth, ninth, twelfth, and thirteenth sentences of paragraph 10. Defendants lack sufficient knowledge or information to admit or deny the remaining allegations of paragraph 10, except Defendants admit that Carl Safina served as a member of the Mid-Atlantic Fishery Management Council.

11. The allegations in paragraph 11 consist of legal conclusions and Plaintiffs' characterizations of the MSA. The statute speaks for itself, and is the best evidence of its contents. To the extent any averments in this paragraph require a further response, Defendants deny any allegations in this paragraph that are inconsistent with the MSA, except that Defendants admit that Carlos M. Gutierrez is Secretary of Commerce.

12. The allegations in paragraph 12 consist of legal conclusions and Plaintiffs' characterizations of the MSA. The statute speaks for itself, and is the best evidence of its contents. To the extent any averments in this paragraph require a further response, Defendants deny any allegations in this paragraph that are inconsistent with the MSA, except that Defendants admit that the National Marine Fisheries Service is an agency of the United States Department of Commerce, and the functions prescribed in the MSA have been delegated to the Assistant Administrator for Fisheries of the National Oceanic and Atmospheric Administration (NOAA) and Director of the National Marine Fisheries Service, in his official capacity.

13. The allegations in paragraph 13 consist of legal conclusions and Plaintiffs' characterizations of the MSA. The statute speaks for itself, and is the best evidence of its contents. To the extent any averments in this paragraph require a further response, Defendants deny any allegations in this paragraph that are inconsistent with the MSA.

14-20. The allegations in paragraphs 14 through 20 consist of legal conclusions and Plaintiffs' characterizations of the MSA. The statute speaks for itself, and is the best evidence of its contents. To the extent any averments in this paragraph require a further response, Defendants deny any allegations in this paragraph that are inconsistent with the MSA.

21. Defendants deny the allegations in paragraph 21 except Defendants admit that the International Commission for the Conservation of Atlantic Tunas (ICCAT) is responsible for the conservation and management of tunas and certain tuna-like species in the Atlantic Ocean and adjacent seas. Defendants also admit that ICCAT members negotiate and adopt conservation and management recommendations for managed species, which may include quotas.

22. The allegations in paragraph 22 consist of legal conclusions and Plaintiffs' characterizations of the Atlantic Tunas Convention Act (ATCA) and the MSA. The statutes

speak for themselves, and are the best evidence of their contents. To the extent any averments in this paragraph require a further response, Defendants deny any allegations in this paragraph that are inconsistent with the statutes.

23. The allegations in paragraph 23 consist of legal conclusions and Plaintiffs' characterizations of ATCA. The statute speaks for itself, and is the best evidence of its contents. To the extent any averments in this paragraph require a further response, Defendants deny any allegations in this paragraph that are inconsistent with ATCA.

24. The allegations in paragraph 24 consist of legal conclusions and Plaintiffs' characterizations of NEPA. The statute speaks for itself, and is the best evidence of its contents. To the extent any averments in this paragraph require a further response, Defendants deny any allegations in this paragraph that are inconsistent with NEPA.

25. The allegations in paragraph 25 consist of legal conclusions and Plaintiffs' characterizations of the APA. The statute speaks for itself, and is the best evidence of its contents. To the extent any averments in this paragraph require a further response, Defendants deny any allegations in this paragraph that are inconsistent with the APA.

26. Defendants deny the allegations in the first, second and fourth sentences of paragraph 26, except Defendants admit that bluefin tuna are predators that grow to a large size, are capable of swimming at high speeds, and are capable of regulating their own body temperature. Defendants deny the allegations in the third sentence of paragraph 26. Although some scientific uncertainty may remain, based on the best available scientific information, and the Defendants' best professional judgment, Defendants aver that western Atlantic bluefin tuna have shown fidelity to the Gulf of Mexico and have a genotype that differs from that of eastern Atlantic bluefin tuna.

27. Defendants deny the allegations in paragraph 27, except Defendants admit that bluefin tuna are valuable and the spawning stock biomass of western Atlantic bluefin has decreased since 1970 .

28. Defendants deny the allegations in paragraph 28, except to admit that bluefin tuna were listed as "overfished" in a Report to Congress dated September 30, 1997.

29. Defendants deny the allegations in paragraph 29, except that Defendants admit that Atlantic bluefin tuna are managed internationally through the ICCAT and also managed domestically. Defendants further admit that ICCAT currently has 43 members, and that ICCAT's Standing Committee on Research and Statistics has conducted stock assessments for bluefin tuna caught in the West Atlantic and in the East Atlantic and Mediterranean Sea, most recently in 2006, and previously in 2002. Defendants admit that ICCAT members negotiate and adopt conservation and management recommendations for managed species such as Atlantic bluefin tuna, which may include quotas.

30. Defendants deny the allegations in the first and third sentences of paragraph 30, except Defendants admit that ICCAT members negotiate and adopt conservation and management measures for managed species, such as Atlantic bluefin tuna, which may include quotas and that ICCAT Recommendation 98-7 continued to provide that there shall be no directed fishery on the bluefin tuna spawning stocks in the western Atlantic in spawning areas such as the Gulf of Mexico. The allegations in the second and fourth sentences of paragraph 30 consist of legal conclusions and Plaintiffs' characterizations of ATCA and its implementing regulations. The fourth sentence of paragraph 30 includes an incorrect citation; the correct citation is 50 C.F.R. § 635.71(b)(23). All cited statutes and regulations speak for themselves, and are the best evidence of their contents. To the extent any averments in the second and fourth

sentence of this paragraph require a further response, Defendants deny any allegations in this paragraph that are inconsistent with ATCA and its implementing regulations.

31.     The allegations in the first, second, and third sentences of paragraph 31 consist of legal conclusions and Plaintiffs' characterizations of the MSA and ATCA.  The statutes speak for themselves, and are the best evidence of their contents.  To the extent any averments in the first, second, and third sentences of this paragraph require a further response, Defendants deny any allegations in this paragraph that are inconsistent with the MSA and ATCA.  Defendants deny the allegations in the fourth and fifth sentences of paragraph 31, except Defendants admit that the April 1999 Final Fishery Management Plan for Atlantic Tunas, Swordfish, and Sharks adopted the ICCAT Rebuilding Program for western Atlantic bluefin tuna.

32.     Defendants deny the allegations in the first and second sentences of paragraph 32, except Defendants admit that the spawning stock biomass of western Atlantic bluefin has decreased since 1970.  The third sentence of paragraph 32 characterizes the most recent ICCAT stock assessment, which speaks for itself and is the best evidence of its contents; however, Defendants aver that the assessment was released after the agency action at issue in this case.

33.     Defendants deny the allegations in paragraph 33, except Defendants admit that United States fishers in the Atlantic bluefin tuna fishery have not exceeded the ICCAT allocated quota, as adjusted, since 2003.   Defendants admit that United States fishers caught less than 34% of the adjusted United States ICCAT quota for Atlantic bluefin tuna during fishing year 2005.

34.     Paragraph 34 characterizes an article in the journal Nature, which is included in the Administrative Record at A.R. G7, speaks for itself, and is the best evidence of its contents.

To the extent any averments in this paragraph require a further response, Defendants deny any allegations in this paragraph that are inconsistent with the document.

35. Paragraph 35 characterizes Plaintiffs' petition to Defendants, which is included in the Administrative Record at A.R. D1, speaks for itself, and is the best evidence of its contents. To the extent any averments in this paragraph require a further response, Defendants deny any allegations in this paragraph that are inconsistent with the document.

36. The allegations in paragraph 36 characterize the proposed rule, the Draft and Final Consolidated Fishery Management Plan for Highly Migratory Species, and the October 2, 2006, final rule, which are included in the Administrative Record at D4, D26, E12 and E27, speak for themselves, and are the best evidence of their contents. To the extent any averments in this paragraph require a further response, Defendants deny the allegations in this paragraph that are inconsistent with the document.

37-38. Defendants deny the substance of the allegations in paragraphs 37 and 38, except Defendants admit that Blue Ocean Institute and Earthjustice submitted comments to NMFS, which are included in the Administrative Record at A.R. O111 and P12, speak for themselves, and are the best evidence of their contents. To the extent any averments in this paragraph require a further response, Defendants deny any allegations in this paragraph that are inconsistent with the documents.

39. Paragraph 39 characterizes a NMFS study, which is included in the Administrative Record at A.R. H4, speaks for itself, and is the best evidence of its contents. To the extent any averments in this paragraph require a further response, Defendants deny the allegations in this paragraph.

40. Paragraph 40 characterizes the October 2, 2006, final rule, which is included in the Administrative Record at A.R. E27, speaks for itself, and is the best evidence of its contents. To the extent any averments in this paragraph require a further response, Defendants deny any allegations in this paragraph that are inconsistent with the document.

41. Defendants deny the allegations in paragraph 41.

42. Defendants reallege and incorporate by reference the responses to paragraphs 1 through 41 of this Answer.

43-44. The allegations in paragraphs 43 and 44 consist of legal conclusions and Plaintiffs' characterizations of the MSA. The statute speaks for itself, and is the best evidence of its contents. To the extent any averments in this paragraph require a further response, Defendants deny any allegations in this paragraph that are inconsistent with the MSA.

45. Defendants deny the allegations in the first sentence of paragraph 45, except Defendants admit that bluefin tuna were listed as "overfished" in a Report to Congress dated September 30, 1997 and that the April 1999 Final Fishery Management Plan for Atlantic Tunas, Swordfish, and Sharks adopted the ICCAT Rebuilding Program for western Atlantic bluefin tuna. The second and third sentences of paragraph 45 characterize the Consolidated Fishery Management Plan for Highly Migratory Species and the October 2, 2006, final rule, which are included in the Administrative Record at A.R. E12 and E27, speak for themselves, and are the best evidence of their contents. To the extent any averments in this paragraph require a further response, Defendants deny any allegations in this paragraph that are inconsistent with the documents.

46. Paragraph 46 characterizes the October 2, 2006, final rule, which is included in the Administrative Record at A.R. E27, speaks for itself, and is the best evidence of its contents.

To the extent any averments in this paragraph require a further response, Defendants deny any allegations in this paragraph that are inconsistent with the document.

47-50.  Defendants deny the allegations in paragraphs 47 through 50.

51.  Defendants reallege and incorporate by references the responses to paragraphs 1 through 41 of this Answer.

52.  The allegations in paragraph 52 consist of legal conclusions and Plaintiffs' characterizations of the MSA.  The statute speaks for itself, and is the best evidence of its contents.  To the extent any averments in this paragraph require a further response, Defendants deny any allegations in this paragraph that are inconsistent with the MSA.

53.  Defendants deny the allegations in paragraph 53 as written.  Although some scientific uncertainty may remain, based on the best available scientific information, and the Defendants' best professional judgment, Defendants' aver that the spawning biomass of western Atlantic bluefin tuna is at its lowest recorded level; the Gulf of Mexico is a discrete spawning ground for western Atlantic bluefin tuna; western Atlantic bluefin tuna are known to mature at 8 years of age in the Gulf of Mexico and the average age at which western Atlantic bluefin tuna become sexually mature is between 10 and 12 years; and some western Atlantic bluefin tuna are killed as bycatch in the Gulf of Mexico.

54.  Paragraph 39 characterizes the October 2, 2006, final rule, which is included in the Administrative Record at A.R. E27, speaks for itself, and is the best evidence of its contents.  To the extent any averments in this paragraph require a further response, Defendants deny any allegations in this paragraph that are inconsistent with the document.

55.  Defendants deny the allegations in paragraphs 55 through 58.

59. Defendants reallege and incorporate by reference the responses to paragraphs 1 through 41 of this Answer.

60-61. The allegations in paragraphs 60 through 61 consist of legal conclusions and Plaintiffs' characterizations of the MSA. The statute speaks for itself, and is the best evidence of its contents. To the extent any averments in this paragraph require a further response, Defendants deny any allegations in this paragraph that are inconsistent with the MSA.

62. Paragraph 62 characterizes the October 2, 2006, final rule, which is included in the Administrative Record at A.R. E27, speaks for itself, and is the best evidence of its contents. To the extent any averments in this paragraph require a further response, Defendants deny any allegations in this paragraph that are inconsistent with the document.

63. Defendants deny the allegations in paragraphs 63 through 66.

67. Federal Defendants reallege and incorporate by reference the responses to paragraph 1 through 41 of the Answer.

68. The first and second sentences of paragraph 68 consist of legal conclusions and Plaintiffs' characterizations of NEPA, which speaks for itself, and is the best evidence of its contents. To the extent any averments in this paragraph require a further response, Defendants deny any allegations in this paragraph that are inconsistent with NEPA. Defendants admit the third sentence of paragraph 68.

69-70. Paragraphs 69 through 70 consist of legal conclusions and Plaintiffs' characterizations of NEPA and its implementing regulations, which speak for themselves, and are the best evidence of their contents. To the extent any averments in this paragraph require a further response, Defendants deny any allegations in this paragraph that are inconsistent with NEPA and its implementing regulations.

71. The allegations in paragraph 71 consist of Plaintiffs' characterizations of the NOAA Administrative Order 216-6. The document speaks for itself, and is the best evidence of its contents. To the extent any averments in this paragraph require a further response, Defendants deny any allegations in this paragraph that are inconsistent with the document.

72-75. Defendants deny the allegations in paragraphs 72 through 75.

DATED this 12th of January, 2007.

Respectfully submitted,

SUE ELLEN WOOLDRIDGE
Assistant Attorney General
Environment & Natural Resources Division
JEAN E. WILLIAMS
Chief, Wildlife & Marine Resources Section

/s/
_____
KEITH W. RIZZARDI
U.S. Department of Justice
Environ. and Nat. Res. Div.
Wildlife and Marine Resources Section
Ben Franklin Station
Post Office Box 7369
Washington, D.C. 20044-7369
Telephone: (202) 305-0209

OF COUNSEL:

Constance Sathre
NOAA Office of General Counsel
1315 East West Highway
Silver Spring, MD 20910