UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| BLUE OCEAN INSTITUTE and | ) | |
| CARL SAFINA | ) | No. 06-1869 HHK |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | **NOTICE OF CORRECTIONS TO** |
| | ) | **FEDERAL DEFENDANTS'** |
| CARLOS GUTIERREZ and NATIONAL | ) | **RESPONSE IN OPPOSITION** |
| MARINE FISHERIES SERVICE, | ) | **TO MOTION TO COMPEL** |
| | ) | **COMPLETION OF THE** |
| Defendants. | ) | **ADMINISTRATIVE RECORD** |
| _____ | ) | |

Yesterday, March 7, 2007, undersigned counsel filed a responsive brief in this case,

Docket No. 12. Unfortunately, the brief was filed with multiple grammatical and typographical

errors. Undersigned counsel apologizes to the parties and this court, and, having obtained the

consent of opposing counsel, attaches to this notice an amended, corrected brief. The revisions

do not change the legal analysis, or pagination, and no new cases are included.

Respectfully submitted this 7th of March, 2007,

MATTHEW J. McKEOWN
Assistant Attorney General

/s/
_____
KEITH W. RIZZARDI
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife and Marine Resources Section
Ben Franklin Station
Post Office Box 7369
Washington, D.C. 20044-7369
Telephone: (202) 305-0209

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| BLUE OCEAN INSTITUTE and | ) | |
| CARL SAFINA | ) | No. 06-1869 HHK |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | |
| | ) | **FEDERAL DEFENDANTS'** |
| CARLOS GUTIERREZ and NATIONAL | ) | **RESPONSE IN OPPOSITION** |
| MARINE FISHERIES SERVICE, | ) | **TO MOTION TO COMPEL** |
| | ) | **COMPLETION OF THE** |
| Defendants. | ) | **ADMINISTRATIVE RECORD** |
| _____ | ) | [Amended] |

# TABLE OF CONTENTS

TABLE OF AUTHORITIES  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

INTRODUCTION  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

LEGAL BACKGROUND AND STANDARD OF REVIEW  . . . . . . . . . . . . . . . . . . . . . . . . . . 1

FACTUAL BACKGROUND  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

ARGUMENT  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

I.    NMFS filed a valid, certified administrative record.  . . . . . . . . . . . . . . . . . . . . . . . . . 5

     A.    The administrative record thoroughly reflects the agency's decision process.  . . . 6

           1.    The administrative record need not contain the entire agency file.  . . . . . 7

           2.    The administrative record sets forth all facts before the decision maker,
                 and provides the agency's reasoned explanation for its action.  . . . . . . . 10

           3.    The administrative record is properly limited to documents directly or
                 indirectly before the decision maker.  . . . . . . . . . . . . . . . . . . . . . . . . . 12

           4.    In the D.C. Circuit, e-mails and similar internal deliberative documents
                 are not part of the administrative record.  . . . . . . . . . . . . . . . . . . . . . . 15

     B.    Plaintiffs seek to use deliberative materials in a manner not permitted in cases
           involving APA-based review of an administrative record.  . . . . . . . . . . . . . . . . 16

     C.    Plaintiffs' own motion shows that the documents they seek to obtain clearly fall
           within the deliberative process privilege, and an index of these privileged
           documents is unnecessary.  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

II.   Mere relevance of a document is irrelevant to the question of whether it belongs in the
      administrative record.  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

III.    Plaintiffs fail to prove that extra-record evidence should be considered.  . . . . . . . . . . . . 24

    A.    All relevant factors were considered, as Plaintiffs' own motion proves.   . . . . . . 25

    B.    Plaintiffs failed to prove that any other exception applies.   . . . . . . . . . . . . . . . 27

        1.    No documents were deliberately or negligently excluded from the administrative record.  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

        2.    The substantial administrative record is not so bare as to preclude judicial review. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

        3.    Plaintiffs have not proven bad faith or improper behavior.  . . . . . . . . . . 30

CONCLUSION  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31

## <u>TABLE OF AUTHORITIES</u>

<u>**FEDERAL CASES**</u>

Ad Hoc Metals Coal. v. Whitman, 227 F. Supp. 2d 134 (D.D.C. 2002) . . . . . . . . . . . . . . . . 15, 16

Am. Bioscience v. Thompson, 243 F.3d 579, 583 (D.C. Cir. 2001) . . . . . . . . . . . . . . . . . . . . . 24

Amfac Resorts v. U.S. Dep't of Interior, 143 F.Supp.2d 7, 12 (D.D.C. 2001) . . 6, 13, 18, 25, 28-30

Ammex v. United States, 23 C.I.T. 549, 563 (C.I.T. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

Animal Defense Council v. Hodel, 840 F.2d 1432, 1436-38 (9th Cir. 1988) . . . . . . . . . . . . . . 28

AR D26 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Bar MK Ranches v. Yeutter, 994 F.2d 735, 739-40 (10th Cir. 1993) . . . . . . . . . . . . . . . . . . . . 6

Beverly Enterprises v. Herman, 130 F.Supp.2d 1, 8 fn. 2 (D.D.C. 2000) . . . . . . . . . . . . . . . . 24

Brinton v. Dep't of State, 636 F.2d 600, 606 (D.C. Cir. 1980) . . . . . . . . . . . . . . . . . . . . . . . . . 20

Califano v. Sanders, 430 U.S. 99, 105 (1977) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 30

Ciba-Geigy Corp. v. Mathews, 428 F.Supp. 523, 531-32 (S.D.N.Y. 1977) . . . . . . . . . . . . . . . . 8

Citizens to Preserve Overton Park v. Volpe, 401 U.S. 402, 420 (1971) . . . . . . 1, 2, 23, 25, 26, 30

Cmty. for Creative Non-Violence v. Lujan, 908 F.2d 992, 997 (D.C. Cir. 1990) . . . . . . . . . . . 30

Coastal States Gas Corp. v. Dep't of Energy, 617 F.2d 854, 861-62 (D.C. Cir. 1980) . . . . . . . 19

Common Sense Salmon Recovery v. Evans, 217 F. Supp. 2d 17, 22 (D.D.C. 2002) . . . . . . . . 8

efenders of Wildlife v. Dalton, No. 00-02-00060, 2000 WL 1562928, (C.I.T. Oct. 12, 2000). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

Electronic Privacy Information Center v. Department of Homeland Security, 384 F.Supp.2d 100, 104 n.1 (D.D.C.,2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

Endangered Species Comm. of the Bldg. Indus. Ass'n of S. Cal. v. Babbitt, 852 F. Supp. 32, 37 (D.D.C. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Envtl. Defense Fund v. Blum, 458 F. Supp. 650, 661 (D.D.C. 1978) . . . . . . . . . . . . . . . . . . . . 28

Envtl. Defense Fund, Inc. v. Costle, 657 F.2d 275, 285 (D.C.Cir. 1981) . . . . . . . . . . . . . 2, 16, 25

Esch v. Yeutter, 876 F.2d 976, 991 (D.C. Cir. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

Ethyl Corp. v. Environmental Protection Agency, 541 F. 2d 1, 36 (D.C. Cir. 1976) . . . . . . 26, 27

Federal Trade Comm'n v. Grolier Inc., 462 U.S. 19 (1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

Florida Power & Light Co. v. Lorion, 470 U.S. 729, 743-44 (1985) . . . . . . . . . . . . . . 1, 2, 7, 26

Fund for Animals v. Williams, 245 F. Supp. 2d 49, 57 n.7 (D.D.C. 2003), aff'd, 428 F.3d 1059 (D.C. Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

In re Subpoena Duces Tecum Served on the Office of the Comptroller of the Currency, 156 F.3d 1279 (D.C. Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

James Madison Ltd. v. Ludwig, 82 F.3d 1085, 1095 (D.C. Cir. 1996) . . . . . . 3, 21, 22, 25, 28, 30

Kent County v. EPA, 963 F.2d 391, 395-96 (D.C.Cir.1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

Linemaster Switch Corp. v. EPA, 938 F.2d 1299, 1305 (D.C. Cir. 1991) . . . . . . . . . . . . . . . . 17

LO Shippers Action Comm. v. Interstate Commerce Comm'n, 857 F.2d 802, 805-06 (D.C. Cir. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Mar. Mgmt. Inc. v. United States, 242 F.3d 1326, 1335 & n.14 (11th Cir. 2001) . . . . . . . . . . 30

Maritel v. Collins, 422 F. Supp. 2d 188, 196 (D.D.C. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 6

Maydak v. United States Dep't of Justice, 218 F.3d 760, 766 (D.C. Cir. 2000) . . . . . . . . . . . . 20

Miami Nation of Indians v. Babbit, 979 F. Supp. 771,778-79 (N.D. Ind. 1996) . . . . . . . . . . . . 19

Miami Nation of Indians v. Babbitt, 979 F. Supp. 771, 776 (N.D. Ind. 1996) . . . . . . . . . . . . . . 9

Motor & Equip. Mfrs. Ass'n v. EPA, 627 F.2d 1095, 1105 (D.C. Cir. 1979) . . . . . . . . . . . . . . . 2

Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co., 463 U.S. 29, 43 (1983) . . . . . . . 16

Nat'l Wildlife Fed'n v. U.S. Army Corps of Eng'rs, 384 F.3d 1163, 1174 (9th Cir. 2004) . . . . . 22

National Courier Ass'n v. Board of Governors, 516 F.2d 1229, 1242 (D.C. Cir. 1975) . . . . . . . 17

National Wilderness Institute v. U.S. Army Corps of Engineers, 2005 WL 691775 at *10 (D.D.C. March 23, 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 25, 28, 30

Pacific Shores Subdivision v. U.S. Army Corps of Eng'rs, 448 F. Supp. 2d 1, 4 (D.D.C. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 6, 8, 12, 21, 23, 24

Pan American World Airways v. Civil Aeronautics Board, 684 F.2d 31 (D.C. Cir. 1982) . . . . 15

Peterson Farms I v. Espy, 1994 WL 26331, 15 F.3d 1160 (D.C. Cir. 1994) . . . . . . . . . . . . . . . 24

Pierson v. United States, 428 F. Supp. 384 (D. Del. 1977) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

PLMRS Narrowband Corp. v. FCC, 182 F.3d 995, 1001 (D.C. Cir. 1999) . . . . . . . . . . . . . . . 15

Quarles v. Dep't of Navy, 893 F.2d 390, 392 (D.C. Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . 18

Raulerson v. Ashcroft, 271 F.Supp.2d 17, 21 (D.D.C.2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

San Luis Obispo Mothers for Peace v. Nuclear Regulatory Commission, 751 F.2d 1287, 1326-27 (D.C. Cir. 1984), rev'd on other grounds, 760 F.2d 1320 (D.C. Cir. 1985) . . . . . . . 3, 4, 9, 13, 27

Saxon Corporation v. United States Air Force, Civ.A.No.87-193, 1987 WL 8531 (D.D.C. March 5, 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 29

Sec. Fin. Life Ins. Co. No. Civ. 03-102(SBC), 2005 WL 839543 . . . . . . . . . . . . . . . . . . . . . 18, 19

Tax Analysts v. Internal Revenue Serv., 414 F.Supp.2d 1 (D.D.C.,2006) . . . . . . . . . . . . . . . . 20

Thompson v. U.S. Dep't of Labor, 885 F.2d 551 (9th Cir. 1989) . . . . . . . . . . . . . . . . . . . . . . . . 14

TOMAC v. Norton, 193 F. Supp. 2d 182, 195 (D.D.C. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

United States v. Chemical Foundation, Inc., 272 U.S. 1, 14-15 (1926) . . . . . . . . . . . . . . . . . . . 2

United States v. Morgan, 313 U.S. 409, 422 (1941) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Vaughn v. Rosen, 484 F.2d 820, 826-28 (D.C.Cir.1973) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

Vermont Yankee Nuclear Power Corp. v. NRDC, 435 U.S. 519, 549 (1978) . . . . . 2, 3, 7, 12, 17

**FEDERAL STATUTES**

16 U.S.C. §§1801-1833 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

5 U.S.C. § 552(b)(5) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

5 U.S.C. § 706 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

5 U.S.C. §706 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 21

<u>**OTHER AUTHORITIES**</u>

Gordon G. Young, *Judicial Review of Informal Agency Action on the Fiftieth Anniversary of the APA: the Alleged Demise and Actual Status of <u>Overton Park</u>'s Requirement of Judicial Review "On the Record,"* 10 Admin. L. J. Am. U. 179, 226 (Spring 1996) . . . . . . . . . . . . . . . . . . . . . . . <u>24</u>

Stark and Wald, *Setting No Records: the Failed Attempts to Limit the Record in Review of Administrative Action*, 36 Admin. L. Rev. 333, 335-336 (1984) . . . . . . . . . . . . . . . . . . . . . . . <u>24</u>

**INTRODUCTION**

This case is governed by the record review principles of judicial review embodied in the Administrative Procedure Act (APA), 5 U.S.C. §706.  Pursuant to the APA, the court bases judicial review of a challenged agency action or decision on an administrative record.  Florida Power & Light Co. v. Lorion, 470 U.S. 729, 743-44 (1985).  The agency must compile the administrative record, and certify that the record is complete.  *See e.g.* Docket No. 6.  This certification is entitled to a presumption of regularity.  If a plaintiff wishes to add documents to the record, the plaintiff must overcome that presumption, or demonstrate that the proffered documents fit within judicially-recognized exceptions.

Here, *Plaintiffs' Memorandum in Support of Motion to Compel Completion of the Administrative Record* (Feb. 23, 2007), Docket No. 10 (*Pl. Memo.*) does not meet its burden.  Plaintiffs seek to recharacterize internal deliberative documents as "facts" considered by the agency decision maker, and based on that erroneous proposition, argue that exclusion of these "facts" from the record necessitates supplementation.  However, telephone logs, handwritten notes, e-mails and other scraps of paper are not necessarily facts, nor are they directly or indirectly before the Director of the National Marine Fisheries Service (NMFS) when the agency adopts a rule.  For the reasons discussed below, this Court should deny Plaintiff's motion.

**LEGAL BACKGROUND AND STANDARD OF REVIEW**

Section 706 of the Administrative Procedure Act (APA) directs the court reviewing an agency decision to "review the whole record or those parts of it cited by a party."  5 U.S.C. § 706.  Review of the "whole record" is "based on the full administrative record that was before the [agency decision makers] at the time [they] made [their] decision."  Citizens to Preserve Overton Park v. Volpe, 401 U.S. 402, 420 (1971) *abrogated on other grounds by* Califano v.

<u>Sanders</u>, 430 U.S. 99, 105 (1977).  The "whole record" includes "all documents and materials

that the agency 'directly or indirectly considered' . . . . [and nothing] more nor less."  <u>Pacific

Shores Subdivision v. U.S. Army Corps of Eng'rs</u>, 448 F. Supp. 2d 1, 4 (D.D.C. 2006); *see also*

<u>Maritel v. Collins</u>, 422 F. Supp. 2d 188, 196 (D.D.C. 2006).

      The administrative record compiled by the agency delineates the scope of judicial review.

<u>Florida Power & Light Co. v. Lorion</u>, 470 U.S. 729, 743-44 (1985) ("The task of the reviewing

court is to apply the appropriate APA standard of review... to the agency decision based on the

record the agency presents to the reviewing court."); <u>Vermont Yankee Nuclear Power Corp. v.

NRDC</u>, 435 U.S. 519, 549 (1978).  An agency is entitled to a strong presumption of regularity

that it properly designates the record.  <u>Citizens to Preserve Overton Park</u>, 401 U.S. at 415, *citing*

<u>United States v. Chemical Foundation, Inc.</u>, 272 U.S. 1, 14-15 (1926) ("The presumption of

regularity supports the official acts of public officers, and, in the absence of clear evidence to the

contrary, courts presume that they have properly discharged their official duties.")

      The practice of supplementing the record for judicial review is the exception, not the rule.

<u>Motor & Equip. Mfrs. Ass'n v. EPA</u>, 627 F.2d 1095, 1105 (D.C. Cir. 1979); <u>Fund for Animals v.

Williams</u>, 391 F. Supp. 2d at 191, 197 (D.D.C. 2005) ("Courts grant motions to supplement the

administrative record only in exceptional cases.")  Supplementation is not permitted simply as a

means for plaintiffs to question the wisdom or correctness of an agency's decision.  <u>Envtl.

Defense Fund, Inc. v. Costle</u>, 657 F.2d 275, 285 (D.C.Cir. 1981).  The Supreme Court, in fact,

has repeatedly emphasized the strict limitations the APA imposes on judicial review:

> We have made it abundantly clear before that when there is a contemporaneous
> explanation of the agency decision, the validity of that action must 'stand or fall on
> the propriety of that finding, judged, of course, by the appropriate standard of review.
> If that finding is not sustainable on the administrative record made, then the [agency]
> decision must be vacated and the matter remanded to [the agency] for further
> consideration.'

Vermont Yankee, 435 U.S. at 549 *quoting* Camp v.Pitts, 411 U.S. 138, 143 (1973).

In those narrow circumstances where there is no contemporaneous explanation, a court must find the record so inadequate as to frustrate judicial review. James Madison Ltd. v. Ludwig, 82 F.3d 1085, 1095 (D.C. Cir. 1996). The fact that a contemporary explanation is not lengthy is irrelevant. *See* Camp v. Pitts, 411 U.S. at 143 ("The explanation may have been curt, but it surely indicated the determinative reason for the final action taken.")

After surveying D.C. Circuit caselaw, a district court described four exceptions to the principle of on-the-record judicial review of administrative agency action: (1) supplementation of the record is warranted if the court needs background information in order to determine whether the agency considered all of the relevant factors; (2) a court may look beyond the administrative record if it appears the agency deliberately or negligently excluded documents that may have been adverse to its decision; (3) extra-record review is justified where the agency failed to explain administrative action so as to frustrate effective judicial reviewl and (4) a court may supplement the administrative record where there is a strong showing of bad faith or improper behavior on the part of the agency. National Wilderness Institute v. U.S. Army Corps of Engineers, 2005 WL 691775 at *10 (D.D.C. March 23, 2005). *See also* San Luis Obispo Mothers for Peace v. Nuclear Regulatory Commission, 751 F.2d 1287, 1326-27 (D.C. Cir. 1984), *rev'd on other grounds*, 760 F.2d 1320 (D.C. Cir. 1985), *aff'd on rehearing en banc*, 789 F.2d 26 (D.C. Cir. 1986)(discussing the need to overcome the presumption of adequacy of an administrative record, and discussing exceptions).[1]

---

[1]    In San Luis Obispo Mothers for Peace the full court vacated, in part, the D.C. Circuit's original opinion and judgment, granted rehearing *en banc*, considered the questions more fully, and affirmed a decision by the Nuclear Regulatory Commission. Id., 789 F.2d at 28. "[O]nly Section III.B of the [original D.C. Circuit court] opinion, 751 F.2d 1287 and the corresponding part of the judgment" were vacated. 760 F.2d at 1320; *see also* 751 F.2d 1287, 1305 (discussing

## **FACTUAL BACKGROUND**

This case involves a rule governing the management of the Atlantic bluefin tuna fishery, pursuant to the Magnuson-Stevens Fishery Conservation and Management Act, 16 U.S.C. §§1801-1833.  Specifically, Plaintiffs submitted to the Federal Defendants, including Carlos M. Gutierrez, Secretary of Commerce (acting through the NMFS) a petition in June of 2005 seeking to alter the management of that fishery.

In a final rule, NMFS implemented the Final Consolidated Atlantic Highly Migratory Species Fishery Management Plan (FMP), including measures to implement time/area closures in the Gulf of Mexico (GOM), modify certain bluefin tuna (BFT) quotas, and simplify the BFT management process.  The final rule also announced the agency decision to reject the Plaintiffs' petition for rulemaking regarding closure areas for spawning BFT in the Gulf of Mexico.  71 Fed. Reg. 58058 (Oct. 2, 2006), AR Doc. E27.

To adopt this rule, NMFS undertook a rulemaking process.  While internal agency deliberations certainly took place, the administrative record directly or indirectly considered by the NMFS decision maker included primarily the final and draft rule, the final and draft FMP, final and draft environmental impact statements, the agency decision memoranda, advisory panel documents, correspondence, and public comments.  The merits of this rulemaking process, the contents of these documents, and the respective positions of the parties, will be briefed for this Court through cross-motions for summary judgment, and decided based on the administrative record.  *Response to Order of the Court* (Feb. 16, 2007), Docket No. 9.

---

Section III.B titled "Earthquakes and Emergency Planning").  Importantly, throughout all the history of this case, the D.C. Circuit never deviated in its discussion of the principle of "on-the-record" judicial review, and in fact, the three judge panel was unanimous on the points associated with the administrative record.  Id. 789 F.2d at 35-40, *citing* 751 F.2d at 1332.

On behalf of the Federal Defendants, NMFS lodged the administrative record with this Court on January 12, 2007.  Docket No. 6.  On February 23, 2007, Plaintiffs moved this Court to "compel completion" or otherwise supplement that administrative record.  Docket No. 10.

## ARGUMENT

### I.    NMFS filed a valid, certified administrative record.

Federal Defendants previously filed the administrative record in this matter, consisting of over 600 documents, and thousands of pages.  The final rule implementing the Highly Migratory Species (HMS) Fishery Management Plan (FMP), representing the culmination of the agency decision making process, consists of 116 pages, published in the Federal Register.  71 Fed. Reg. 58058-58174 (Oct. 2, 2006), AR Doc. E27.  Paper copies of noteworthy documents, as excerpted from the administrative record, contain 1,720 pages.  The entire administrative record, in CD-ROM format, contains thousands of pages.  *See,* Administrative Record Index (Jan. 12, 2007).

Nevertheless, Plaintiffs argue that the administrative record, as filed, is "limited" or "incomplete."  *Pl. Memo* at 1.[2]  Plaintiffs cite three categories of documents – "notes of telephone conversations, informal notes of meetings and discussions, and e-mails"– as allegedly necessitating supplementation of the administrative record.  *Pl. Memo* at 1.  However, as a

---

[2]   Citing (and attaching) <u>Coastal Conservation Assoc. v. Gutierrez</u>, Nos. H-05-1214 & H-05-2988 (SD. Tex. Filed June 2005), Plaintiffs argue that "[a]t least one court has already rejected the precise approach taken here by the Fisheries Service and ordered that a deficient administrative record be made complete."  That case, from another circuit, involved a challenge of an administrative record guidance document, and a court's determination that the Plaintiffs had rebutted the presumption that the administrative record was complete.  Here, however, as noted in the *Declaration of Alan Risenhoover*, at paragraph 5, "[t]hose Guidelines were not applied in assembling the record in this matter. ")

  <u>Coastal Conservation Assoc</u> was also wrongly decided.  The opinion openly acknowledged that the court did not know "exactly what was missing from the administrative record," yet accepted Plaintiffs' characterizations that "a robust debate among scientists" existed, and used that statement to rebut the presumption that the administrative record was complete.  This logic is inconsistent with the presumption of regularity that agencies properly designate the record.

matter of law, in this D.C. Circuit, these documents are not required to be included in an agency's administrative record. The administrative record fully enables this Court to perform its duties, and complies with the APA and D.C. Circuit caselaw. Moreover, and in the alternative, these types of documents can be properly excluded from an administrative record, consistent with the deliberative process privilege.

**A.     The administrative record thoroughly reflects the agency's decision process.**

An agency is entitled to a strong presumption of regularity that it properly designated the administrative record. Pacific Shores Subdivision, 448 F. Supp. 2d at 5; Maritel v. Collins, 422 F.Supp.2d 188, 196 (D.D.C. 2006) *citing* Bar MK Ranches v. Yeutter, 994 F.2d 735, 739-40 (10th Cir. 1993) (stating that the administrative record enjoys the same presumption of regularity afforded to other established administrative procedures); Amfac Resorts v. U.S. Dep't of Interior, 143 F.Supp.2d 7, 12 (D.D.C. 2001) (noting the "standard presumption" that the agency designated the administrative record properly).

To further explain the development of NMFS's administrative record, Federal Defendants attach to this brief the *Declaration of Alan Risenhoover* (Mar. 6, 2007) which states:

> 4.   The administrative record includes all documents and other materials that contain data summaries, scientific studies, and other fact-based information relevant to bluefin tuna and bluefin tuna closures. The record also includes all public comments, peer reviews, and other public information relevant to bluefin tuna and bluefin tuna closures. The record does not include raw data, such as raw computer data or individual logbook reports.

> 5.   The record includes all materials identified in paragraph 4 that the agency considered, referred to, relied upon, or used, regardless whether they support or are contrary to the agency's action. No documents identified in paragraph 4 were not included in the record on the basis that the agency did not consider, refer to, rely upon, or use them.

6.   The agency has not identified in its official records any notes of telephone conversations or informal notes of meetings and discussions with non-agency personnel relevant to bluefin tuna or bluefin tuna closures.  Notes of telephone conversations, informal notes of meetings and discussions, and emails, and other documents that reflect internal staff deliberations or policy recommendations were not included in the administrative record.

*Declaration of Alan Risenhoover* (Mar. 6, 2007).

As the Supreme Court has explained, the agency (not the Plaintiffs) decides the scope of the administrative record upon which a court bases its review of the agency action.  *See* Florida Power & Light Co. v. Lorion, 470 U.S. 729, 743-44 (1985) ("The task of the reviewing court is to apply the appropriate APA standard of review . . . to the agency decision based on the record the agency presents to the reviewing court."); Vermont Yankee, 435 U.S. at 549 (when there is a contemporaneous explanation of the agency decision, the validity of that action must stand or fall on the propriety of that finding) *quoting* Camp v.Pitts, 411 U.S. 138, 143 (1973).  Plaintiffs' mere assertions that a "debate" exists do not render this administrative record incomplete.

**1.    The administrative record need not contain the entire agency file.**

Repeatedly, Plaintiffs argue that an agency must submit the "whole" record.  *Pl. Memo* at 1, 5, 8, 11, 12.  Alternatively, they demand the "full" record.  *Pl. Memo* at 1, 4, 5, 12.  But Plaintiffs simply misunderstand these terms.  Contrary to Plaintiffs' suggestion, in this D.C. Circuit, the administrative record is not required to, nor intended to, contain every communication or scrap of paper in the agency's files related to a particular topic.  TOMAC v. Norton, 193 F. Supp. 2d 182, 195 (D.D.C. 2002) ("[P]laintiff's argument that working edits should have been included in the administrative record appears to confuse the administrative record – the record the agency relied upon in its final action – with every scrap of paper that could or might have been created.") *aff'd* 433 F.2d 852 (D.C. Cir. 2006).

In <u>Pacific Shores Subdivision v. U.S. Army Corps</u>, 448 F.Supp.2d 1 (D.D.C. 2006), plaintiffs' sought to add correspondence to an administrative record related to an environmental permit. The court rejected plaintiffs' claims that without the documents, the record was incomplete. <u>Id</u>. at 7. Instead, the court held that an agency's administrative record "is not obligated to include every potentially relevant document existing within its agency." <u>Id</u>. While the agency must include the documents before the agency decision maker at the time of the decision, "interpreting the word 'before' agency so broadly as to encompass any potentially relevant document existing within the agency or in the hands of a third party would render judicial review meaningless." <u>Fund for Animals v. Williams</u>, 245 F. Supp. 2d 49, 57 n.7 (D.D.C. 2003), aff'd, 428 F.3d 1059 (D.C. Cir. 2005).

Relatedly, courts in the D.C. Circuit have also recognized that raw data, such as database information used in other documents, is generally not part of an administrative record. Even where an agency relied only on a study that used the raw data, the plaintiffs were not entitled to the raw data itself. <u>Common Sense Salmon Recovery v. Evans</u>, 217 F. Supp. 2d 17, 22 (D.D.C. 2002) ("Plaintiffs' argument, in essence, is that they are entitled to this raw data under the rules of discovery just because they want it. That, of course, is not the law.") *distinguishing* <u>Endangered Species Comm. of the Bldg. Indus. Ass'n of S. Cal. v. Babbitt</u>, 852 F. Supp. 32, 37 (D.D.C. 1994)[3/]; *see also* <u>Ciba-Geigy Corp. v. Mathews</u>, 428 F.Supp. 523, 531-32 (S.D.N.Y. 1977) (rejecting need to include raw data in administrative record.)

---

[3/]   In <u>Endangered Species Committee</u>, the district court held that when underlying data for a critical and disputed report is readily available to the Secretary, even if not reviewed by the Secretary, it could be error for the Secretary not to make the data available to those interested parties from whom the Secretary sought comment. <u>Id</u>., 852 F.Supp. at 37. However, that case did not directly present a challenge to an administrative record; rather, the issue was whether the failure to disclose the raw data created a procedural flaw that prejudiced the Plaintiffs' ability to participate in and comment upon the rulemaking process.

Here, the administrative record does not include raw data. *Declaration of Alan Risenhoover,* paragraph 4. The omission of telephone logs, emails and other notes Plaintiffs now demand is consistent with and akin to the omission of raw data from the administrative record.

Although D.C. Circuit caselaw is clear, Plaintiffs cite holdings from other circuits to support their demands that every scrap of agency paper be included in the administrative record. For example, they cite <u>Miami Nation of Indians v. Babbitt</u>, 979 F. Supp. 771, 776 (N.D. Ind. 1996), in which a district court broadly ordered the inclusion of drafts, notes, comments, and internal communications in an administrative record (subject to a *further* opportunity for the federal agency to assert deliberative process privileges, as appropriate.) The <u>Miami Nation</u> court, however, relied on the agency's inclusion of ***<u>some</u>*** internal materials (including field notes, handwritten notes and analysis) to conclude that other similar notes should also be included. <u>Id.</u>, 979 F. Supp. at 777. Here, NMFS has not included any such deliberative, internal material in the administrative record at all.

Moreover, <u>Miami Nation of Indians</u> conflicts with D.C. Circuit precedent, including <u>San Luis Obispo Mothers for Peace v. Nuclear Regulatory Commission</u>, 751 F.2d 1287, 1326-27 (D.C. Cir. 1984), *rev'd on other grounds*, 760 F.2d 1320 (D.C. Cir. 1985), *aff'd on rehearing en banc*, 789 F.2d 26 (D.C. Cir. 1986):

> '[a]lthough this court has sanctioned supplementation of the record in certain circumstances ... the practice decidedly is the exception not the rule.' In discharging their obligation to monitor agency action, courts review a *record* compiled by the agency and containing its rationale and supporting findings, accompanied by *record* evidence; they do not ordinarily study pre-decisional transcripts of deliberations within an agency.

<u>Id</u>. 751 F.2d at 1324.

E-mail messages, telephone logs and handwritten notes are no more a part of an agency's administrative record than similar documents created by district court judges or law clerks are

part of the record on appeal.  *See, e.g.*, <u>San Luis Obispo Mothers for Peace</u>, 789 F.2d at 45 ("We think the analogy to the deliberative processes of a court is an apt one. Without the assurance of secrecy, the court could not fully perform its functions."), *cert. denied*, 479 U.S. 923 (1986).

> **2.    The administrative record sets forth all facts before the decision maker, and provides the agency's reasoned explanation for its action.**

As explained above, Federal Defendants already submitted the administrative record, and certified that the record contains all facts that were before the decision maker.  Yet Plaintiffs appear to argue that various internal, deliberative documents reflect facts before the agency decision maker.  On that basis, Plaintiffs claim, these documents must be included as well.  *See, Pl. Memo* at 4 (arguing that the record "fails to document fully *the facts on which it relied*.")

Importantly, Plaintiffs do not offer any evidence of any particular "facts" not currently included in the administrative record, and the mere assertion that e-mails or notes are "missing" does not prove Plaintiffs' claim that the record has omitted "facts."  While not every scrap of paper from the NMFS files was placed in the administrative record, Plaintiffs fail to establish that any alleged "facts" in any of the alleged notes or e-mails are not reflected elsewhere in the thousands of pages of the administrative record.  Instead, Plaintiffs cite four documents from the existing administrative record, and declare that these four documents somehow prove the need for supplementation.  But for all four documents, the agency's conclusions, and its supporting reasoning for its positions, are properly set forth in the record.

In *Pl. Memo*. at 9, Plaintiffs cite AR Doc. D67, an Office of Management and Budget (OMB) Peer Review document, also included as Appendix E to NMFS's environmental impact statement at AR Doc. E-12 at page E-2.  NMFS's response is set forth in AR Doc. E-12 at page E-15.  The response, and the lengthy environmental impact statement, more than adequately provides NMFS's analysis and responses to the the OMB peer review document.  There are no

facts missing from these documents, nor any need for further explanation.

In *Pl. Memo* at 9, 10 and 11, Plaintiffs cite another peer-review document, AR Doc. D70 (OMB Peer Review comments).  NMFS's explicitly responded to this document, and provided its reasoning, in the immediately following pages of AR Doc. E12 at page E-25.  There are no facts missing from these documents, nor any need for further explanation.

In *Pl. Memo* at 10, Plaintiffs cite AR Doc. E17, a Memorandum to the File from Jackie Wilson (Aug. 29,2006).  This document articulates NMFS's response to comments by Oceana and Earthjustice regarding the Highly Migratory Species Fishery Management Plan Final Environmental Impact Statement (EIS).  Oceana's and Earthjustice's comments were received on August 10 and 11, 2006, and are included in the administrative record at AR Doc. P9 and P12, respectively.  Thus, the public comments are set forth in AR Doc. P9 and P12, and NMFS's responses and reasoning are found in AR Doc. E17.  There are no facts missing from these documents, nor any need for further explanation.

Finally, in *Pl. Memo* at 11, Plaintiffs cite AR Doc. E20, a Memorandum to the File from Karyl Brewster-Geisz (Sept. 12, 2006), describing the process leading to the release of the Final Consolidated Atlantic Highly Migratory Species Fishery Management Plan.  The first page of the memo discusses its intent: to describe the events and discussions that led up to the decisions implemented in the final rule.  The actual decisions or analyses are included in other documents in the administrative record, including the draft fishery management plan (FMP) (AR Doc. D4), the proposed rule (AR D26), the Final FMP (AR E12) and the final rule (AR Doc. E27).  There are no facts missing from these documents, nor any need for further explanation.

Still, Plaintiffs claim they need NMFS's internal deliberative correspondence because they plan to "sort out the underlying questions raised or any internal analyses."  *Pl. Memo* at 9.

As explained above, the administrative record already provides this information, to the extent it was directly or indirectly before the decision maker.  In addition, the record contains decision memoranda and other documents showing the agency's analysis, such as:

- AR Doc. D3, *Summary of Preferred Alternatives for Draft Consolidated HMS FMP* (July 20, 2005), including a column re: "Expected controversy? Issues?";
-  AR Doc. E1, *Recommendations for the Final Consolidated HMS FMP* (March 13, 2006), which includes a discussion of issues "In Order of Concern";
- AR Doc. E2, *Final HMS FMP Billfish Alternatives* (March 26, 2006) discussing competing alternatives for billfish management; and
- AR Doc. E5, *Final Consolidated HMS FMP* (June 2006), discussing the "Anticipated reaction and NMFS response."

When a party challenges an agency action as arbitrary and capricious, the reasonableness of the agency's action is judged in accordance with its stated reasons.  In re Subpoena Duces Tecum Served on the Office of the Comptroller of the Currency, 156 F.3d 1279 (D.C. Cir. 1998)  Through the thousands of pages in the administrative record, Federal Defendants stated the basis for their final decision on the Fishery Management Plan Amendments at issue.  The agency decision must "stand or fall on the propriety of that finding."  Vermont Yankee, 435 U.S. at 549 *quoting* Camp v. Pitts, 411 U.S. at 143.   Plaintiffs are not entitled to more explanation, and none is necessary for this Court to undertake judicial review.  The motion, therefore, should be denied.

### 3.    The administrative record is properly limited to documents directly or indirectly before the decision maker.

Importantly, an administrative record "should not include materials that were not considered by agency decisionmakers." Pacific Shores Subdivision, 448 F.Supp.2d at 4 *quoting* Novartis Pharms. Corp. v. Shalala, No. 99-323, 2000 U.S. Dist. LEXIS 6152, at *1, *11-12 (D.D.C. Apr. 28, 2000).  In unequivocal terms, the D.C. Circuit has emphasized the importance of respecting the boundaries drawn by the agency when it certifies an administrative record:

The rationale for this rule derives from a commonsense understanding of the court's functional role in the administrative state [:] 'Were courts cavalierly to supplement the record, they would be tempted to second-guess agency decisions in the belief that they were better informed than the administrators empowered by Congress and appointed by the President.'

Amfac Resorts, L.L.C. v. U.S. Dep't of Interior, 143 F.Supp.2d 7, 11 (D.D.C. 2001) *quoting* San Luis Obispo Mothers for Peace v. Nuclear Regulatory Comm'n, 751 F.2d 1287, 1325-26 (D.C. Cir. 1984) *rev'd on other grounds*, 760 F.2d 1320 (D.C. Cir. 1985), *aff'd on rehearing en banc*, 789 F.2d 26 (D.C. Cir. 1986).

Avoiding the law of this D.C. Circuit, Plaintiffs cite Ninth and Tenth Circuit cases discussing the "directly or indirectly before the decision maker" standard  *Pl. Memo* at 6-7.  The D.C. Circuit, however, has never adopted the extraordinary conclusion that every e-mail or scrap of paper written by a federal employee, is, by definition, indirectly before the decision maker, notwithstanding its immateriality to the agency's decision.  Materials not considered by the decision maker are simply immaterial to judicial review.

Here, the administrative record before this Court includes all documents and materials directly or indirectly before the decision maker.  While courts in other circuits may have expansively interpreted the concept of "indirectly considered," NMFS filed an administrative record consistent with the law of this D.C. Circuit,[4] and did not consider internal deliberative

---

[4]    Notably, this phrase, "indirectly considered," appears to have its roots with a District of Delaware case, Pierson v. United States, 428 F. Supp. 384 (D. Del. 1977).  In that case, an administrative record prepared by the Internal Revenue Service (IRS) consisted primarily of a Technical Memorandum that agency staff had prepared to assist the Commissioner in making a decision, but did not include other documents that underlied the Technical Memorandum and the decision.  In this context, the court held that the Technical Memorandum was not the complete record of what the Commissioner had relied upon.  Rather, the Pierson court held, "the Memorandum does not permit review of the 'full' record before the Commissioner at the time he made his decision..." Id. at 391.  It was in this context that the Commissioner was ordered "to certify and file all documents and materials considered and/or relied upon directly or indirectly by the Commissioner in making his decision." Id. at 392.

documents such as e-mails, telephone logs, handwritten notes and other scraps of paper to be part of the record. Instead, NMFS "limited" its administrative record to a few thousand pages, including scientific documents and analysis, public comments, the draft and final rule, draft and final Fishery Management Plan, decision memoranda, and hundreds of other pages associated with the Environmental Impact Statement.

Plaintiffs seek to extend the notion of "indirectly considered" far beyond the boundaries set in this Circuit. They argue that virtually every document prepared by any government employee was "indirectly considered" by the agency decision maker. Everything, Plaintiffs seem to claim, belongs in the administrative record. Of course, this argument means that there is no limit to how attenuated a document can be, and, indeed, would render meaningless the notion that a document was "before" the agency decision maker. In contrast, NMFS prepared an administrative record that reflects a far more reasonable understanding of what documents were directly or indirectly before the decision maker, and properly omitted the agency's internal, deliberative e-mails, telephone logs, handwritten notes, and other such documents.

---

To support their emphasis upon the need for "indirectly" considered documents, Plaintiffs cite <u>Thompson v. U.S. Dep't of Labor</u>, 885 F.2d 551 (9th Cir. 1989). The <u>Thompson</u> court held that certain settlement-related correspondence needed to be added to the administrative record because it was ***actually*** before the decision maker; specifically, "all relevant correspondence concerning the settlement negotiations should have been included as part of the record forwarded by the [Administrative Law Judge] to the Secretary." <u>Id</u>. at 555. These facts bear no resemblance to the instant case. No previous record was created by an administrative law judge, nor forwarded to the Director of NMFS. All required documents are in the record.

Based on these cases, and the D.C. Circuit caselaw, the term indirectly considered is best understood to distinguish the documents a decision maker actually reviewed – that is, those directly considered – from the documents readily available to them (or even incorporated by reference) – that is, those indirectly considered. But whatever this term means, it does not support Plaintiffs' effort to include every scrap of agency paper in the administrative record.

### 4.    In the D.C. Circuit, e-mails and similar internal deliberative documents are not part of the administrative record.

The D.C. Circuit has long held that "internal memoranda made during the decisional process... ___are never included in a record___."  Norris & Hirshberg, Inc. v. SEC, 163 F.2d 689, 693 (D.C. Cir. 1947), *cert. denied*, 333 U.S. 867 (1948)(rejecting effort to expand an administrative record)(emphasis added).  The D.C. Circuit reaffirmed the exclusion of deliberative documents from an administrative record in San Luis Obispo Mothers for Peace, 789 F.2d at 45 (D.C. Cir. 1986)(judicial review of "the deliberative proceedings of the agency... must be the rare exception if agencies are to engage in uninhibited and frank discussions during their deliberations.")

Applying these principles, the district court in Ad Hoc Metals Coal. v. Whitman, 227 F. Supp. 2d 134 (D.D.C. 2002), refused to include internal agency e-mails in the administrative record.  Id. at 142-43.  The Court set forth two lines of reasoning.  First, the Ad Hoc Metals court emphasized that judicial review "should be based on an agency's stated justifications, not the predecisional process that *led up to the final*, articulated *decision*."  Id. at 143 (emphasis added) (citing PLMRS Narrowband Corp. v. FCC, 182 F.3d 995, 1001 (D.C. Cir. 1999); LO Shippers Action Comm. v. Interstate Commerce Comm'n, 857 F.2d 802, 805-06 (D.C. Cir. 1988); Kansas State Network v. FCC, 720 F.2d 185, 191 (D.C. Cir. 1983). *Cf.* Pan American World Airways v. Civil Aeronautics Board, 684 F.2d 31 (D.C. Cir. 1982) (reviewing an excluded transcript of agency deliberations where agency did not provide a contemporaneous explanation of its action).

Second, the Ad Hoc Metals court cautioned of the potential for a chilling effect, reasoning that requiring an agency to include internal deliberation documents "could hinder candid and creative exchanges regarding proposed decisions and alternatives, which might... lead to an overall decrease in the quality of decisions."  Ad Hoc Metals, 227 F. Supp. 2d at 143 (citing San Luis Obispo Mothers for Peace, 751 F.2d at 1326).  The court also held that

disclosure of predecisional internal discussions might confuse the public, undermine the

"integrity of the decisionmaking process" and fail to "ensure[] that agency actions are judged

based on what was decided." Id. (internal quotation marks omitted).  As a result, the court

denied plaintiffs' request to supplement the record with e-mails.  Id.

> **B.**    **Plaintiffs seek to use deliberative materials in a manner not permitted in cases involving APA-based review of an administrative record.**

Both the Supreme Court and D.C. Circuit have held that it is not a proper exercise of

judicial review to probe the mental processes of the agency.  *See, e.g.,* United States v. Morgan,

313 U.S. 409, 422 (1941) ("it was not the function of the court to probe the mental processes of

the Secretary"); Norris & Hirshberg, Inc. v. SEC, 163 F.2d 689, 693 (D.C. Cir. 1947), *cert.*

*denied*, 333 U.S. 867 (1948)("internal memoranda made during the decisional process... are

never included in a record.") The court's task in reviewing agency action is to determine whether

the agency's final decision articulates a rational connection between its factual judgments and its

ultimate policy choice.  *See, e.g.*, Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.,

463 U.S. 29, 43 (1983).  That inquiry is not advanced by efforts to inquire into the minds of

agency personnel or decision maker.  "The predecisional process leading to an agency decision is

worthy of protection where a formal opinion is issued." Kansas State Network, Inc. v. FCC, 720

F.2d 185, 191 (D.C. Cir. 1983) (internal quotation marks and citation omitted).

Relatedly, supplementation of an administrative record is not permitted simply as a

means for plaintiffs to question the wisdom or correctness of an agency's decision.  Envtl. Def.

Fund, Inc. v. Castle, 657 F.2d 275, 285 (D.C. Cir. 1981).  Yet through this motion, Plaintiffs

seek to to supplement the administrative record, or to introduce extra-record evidence, for

***precisely*** that purpose. *See, e.g. Pl. Memo* at 4 (seeking "materials generated in response to the

plaintiffs' Petition") and at 9 (referring to need to "sort out the underlying questions raised or

any internal analyses.")  In other words, even though Plaintiffs had their opportunity to submit public comments, *see, e.g.* AR Doc. P9 and P12*,* and even though the record contains the agency's responses to those comments, *see, e.g.* AR Doc. E17*,* Plaintiffs demand to see additional ***internal agency deliberations*** with the obvious intent of using the agency's own internal discussion to prove their own theory, or to disprove the agency's analysis and conclusions.  This Court should reject Plaintiffs' transparent effort to rewrite the agency's administrative record in a manner that supports their own alternative analyses and viewpoints.

In administrative record review cases, where the question is whether an agency action is arbitrary or capricious pursuant to the APA, as long as there is a contemporaneous explanation, the agency decision must "stand or fall on the propriety of that finding."  Vermont Yankee, 435 U.S. at 549 *quoting* Camp v. Pitts, 411 U.S. at 142-143 ("the focal point for judicial review should be the administrative record already in existence, *not some new record made initially in the reviewing court*.") "Reviewing courts should take into account neither more nor less information than did the agency when it made its decision."  Linemaster Switch Corp. v. EPA, 938 F.2d 1299, 1305 (D.C. Cir. 1991).

In this case, all necessary documents, all facts (both favorable and unfavorable), and all agency analyses, are already in the administrative record.  Based on the principles of the APA and on-the-record judicial review, there is simply no reason to include e-mails, telephone logs, or other obviously deliberative documents.[5/]  Plaintiffs have not met, and cannot meet, their burden to justify supplementation of the administrative record.

---

[5/]    Only if the internal agency documents themselves introduce "factual information not otherwise in the record" could any portions of a deliberative document be included in the record. National Courier Ass'n v. Board of Governors, 516 F.2d 1229, 1242 (D.C. Cir. 1975).  No such factual materials are at issue here, nor do Plaintiffs prove that such documents exist.

**C.** **Plaintiffs' own motion shows that the documents they seek to obtain clearly fall within the deliberative process privilege, and an index of these privileged documents is unnecessary.**

NMFS maintains that the telephone notes, e-mails, and other such internal, deliberative documents sought by Plaintiffs *do not* set out the facts before the agency decision maker, nor were they directly or indirectly before or considered by the decision maker.  Thus, the documents are not part of the administrative record at all – nor should they be.  *See*, Arguments I.A. and I.B., above.   However, even if the Court further considers this matter, deliberative documents are still otherwise subject to the deliberative process privilege.

Even assuming, *arguendo*, that Plaintiffs could find an e-mail revealing NMFS's internal scientific debate, deliberative intra-agency records ordinarily are privileged.  Amfac Resorts, L.L.C. v. U.S. Dep't of Interior, 143 F.Supp.2d 7, 13 (D.D.C. 2001).  Generally, the deliberative process privilege applies to a document that is both predecisional and deliberative.  A predecisional document is prepared before an agency adopts a policy, "to assist a decision-maker in arriving at a final decision." Sec. Fin. Life Ins. Co. No. Civ. 03-102(SBC), 2005 WL 839543, at *6 (D.D.C. Apr. 12, 20005) *citing* Quarles v. Dep't of Navy, 893 F.2d 390, 392 (D.C. Cir. 1990).  A deliberative document "reflect[s] advisory opinions, recommendations and deliberations compromising part of a process by which governmental decisions and policies are formulated."  Id. at *9 (distinguishing between unprotected factual material and "subjective documents that reflect the personal opinions of the writer rather than the policy of the agency.")

Here, Plaintiffs ask this Court to include internal communications, reviews, and "analyses *leading* to the final rule," *Pl. Memo.* at 5 (emphasis added), with hopes of uncovering a "robust debate among scientists."  *Pl. Memo* at 9.  Thus, the requested e-mails, notes, telephone logs and other documents, plainly fall within the deliberative process privilege.  First, these documents

are unquestionably predecisional because the documents were created before the Federal

Defendants adopted the final action – as evidenced by Plaintiffs' statement that the e-mails and

analyses "led" to the final rule.  Second, the requested documents are deliberative because the

documents reflect its authors' personal opinions and suggestions – indeed, Plaintiffs openly

admit that they seek to uncover a "robust debate among scientists." *Pl. Memo* at 9.  Since these

predecisional notes and e-mails detail the subjective concerns of the government employees and

scientists, they are properly excluded from an administrative record.  *See also*, Sec. Fin. Life

Ins. Co., 2005 WL 839543 at *6 (further finding, in Freedom of Information Act litigation, that

e-mails contained "staff members' personal opinions and impressions... rather than the agency's

final position" and thus were deliberative, and ultimately protected, id. at *10).[6]

  Partially acknowledging the notion that deliberative documents may not belong in an

administrative record, Plaintiffs suggest that NMFS must prepare an index and invoke privileges

to formally exclude these documents.  *Pl. Memo* at 11.  Courts in this D.C. Circuit have rejected

such a rigid approach.

---

[6] Plaintiffs claim that they could challenge any invocation of the deliberative process privilege.
*Pl. Memo* at 11 *citing* Coastal States Gas Corp. v. Dep't of Energy, 617 F.2d 854, 861-62 (D.C.
Cir. 1980).  However, the holding in Coastal States is immediately distinguishable, because the
withheld documents explained established agency policies, which the agency staff used for
guidance.  Id. at 869 (suggesting that the documents consituted a "body of secret law which [the
agency was] actually applying in its dealings with the public").  Finding that the documents were
not predecisional and did not contain "personal thoughts on a subject," the court held the
deliberative process privilege did not apply.  Id.
 The only other case Plaintiffs cite is from Indiana, and remarkably, that court failed to make
any determinations at all regarding the application of the deliberative process privilege. *See*
Miami Nation of Indians v. Babbit, 979 F. Supp. 771,778-79 (N.D. Ind. 1996)("The court is not,
unfortunately, currently able to determine which, if any, of these materials may be covered by
the deliberative process privilege.") Instead, the Court left the issue for further review, if sought
by the Federal agency.

For example, in <u>Tax Analysts v. Internal Revenue Serv.</u>, 414 F.Supp.2d 1 (D.D.C.,2006), the court recognized that where the agency raised only one exemption[7] – the deliberative process privilege set forth in 5 U.S.C. § 552(b)(5) – it eliminated any need to clarify the statutory basis and rationale for each document withheld.  <u>Id</u>. at *4; *see also* <u>Brinton v. Dep't of State</u>, 636 F.2d 600, 606 (D.C. Cir. 1980) (finding deliberative process exemption applicable without an index). This Court should refuse to order a needless exercise, and decline to force the agency to undertake countless personnel hours to sort, document, and exclude hundreds of e-mails from the administrative record, and to complete an index[8] – only to conclude that the privilege applies.

Moreover, NMFS has now provided the *Declaration of Alan Risenhoover* (Mar. 6, 2007), to further explain the nature of the deliberative documents omitted from the administrative record.[9]  Both the D.C. Circuit and the Supreme Court have permitted the satisfaction of the government's burden of proof for Freedom of Information Act exemptions, including deliberative process, through generic, categorical showings.  <u>Maydak v. United States Dep't of Justice</u>, 218 F.3d 760, 766 (D.C. Cir. 2000)(noting that D.C. Circuit has specifically "upheld the

---

[7]    Documents withheld based on attorney work product or attorney client communication privileges are already identified in Administrative Record Index, Part VII (Jan. 12, 2007).

[8]    In some cases, courts in this D.C. Circuit have required the creation of a "<u>Vaughn</u> index" that describes withheld or redacted documents and explains why each withheld record is exempt from disclosure.  *See, e.g.* <u>Electronic Privacy Information Center v. Department of Homeland Security</u>, 384 F.Supp.2d 100, 104 n.1 (D.D.C.,2005) *citing* <u>Vaughn v. Rosen</u>, 484 F.2d 820, 826-28 (D.C.Cir.1973).  However, declarations may generally serve as an acceptable form of a <u>Vaughn</u> index. *See*, <u>Raulerson v. Ashcroft</u>, 271 F.Supp.2d 17, 21 (D.D.C.2002).

[9]    Otherwise, as explained in the *Declaration of Alan Risenhoover* (Mar. 6, 2007): "The agency has not identified in its official records any notes of telephone conversations or informal notes of meetings and discussions with non-agency personnel relevant to bluefin tuna or bluefin tuna closures.  Notes of telephone conversations, informal notes of meetings and discussions, and emails, and other documents that reflect internal staff deliberations or policy recommendations were not included in the administrative record." <u>Id</u>. at paragraph 6.

government's assertion of FOIA [exemption 5] based on something less than a *Vaughn* index")

*citing* <u>Federal Trade Comm'n v. Grolier Inc.</u>, 462 U.S. 19 (1983).

Thus, even if this Court were to decide that these deliberative documents could be included, and then formally excluded, from the administrative record, the Court should permit NMFS to withhold these privileged documents without separately indexing each document. Requiring an index of the entirety of NMFS's telephone logs, e-mails, handwritten notes, and other internal deliberative documents is an extremely time consuming and wholly unnecessary task, given the commonality of the privilege asserted.

## II.    Mere relevance of a document is irrelevant to the question of whether it belongs in the administrative record.

To engage in meaningful judicial review of administrative agency actions pursuant to the APA, courts do not need to review every arguably "relevant" document.  Rather, "[l]imiting review of the administrative record to only what the agency decisionmakers directly or indirectly considered is important."  <u>Pacific Shores Subdivision</u>, 448 F. Supp. 2d at 5.  Still, Plaintiffs ask the Court to include "relevant" documents in the administrative record.  *Pl. Memo* at 10 (citing an "example of relevant materials missing from the record") and at 11 (claiming "withholding of relevant materials").  Relevance is irrelevant.  Pursuant to 5 U.S.C. §706, this Court's review is limited to the administrative record before it.

In <u>James Madison, Ltd. v. Ludwig</u>, 82 F.3d 1085 (D.C. Cir. 1996), a plaintiff sought to supplement an administrative record with documents that other memoranda in the administrative record had summarized.  Id. at 1095.  Specifically, plaintiff claimed that the administrative record was inadequate because it did not include materials that certain federal officials  "may have seen during their on-site investigation."  Id. at 1095.  Instead, the agency's administrative record contained "detailed memoranda describing the [officials'] findings and

recommendations."  Id. at 1095-96.  The appeals court affirmed the lower court's refusal to supplement the record, stating that "the record contain[ed] detailed contemporaneous reports from the [officials] explaining how and why they reached their conclusions."  Id. at 1095 (finding that plaintiff failed to meet any of the three exceptions to administrative record review). This same reasoning applies here.  Even if some deliberative documents in the record contain agency analysis, the administrative record before this Court already includes other contemporaneously prepared documents explaining how and why NMFS reached its decision. Nothing more is required, and the alleged "relevance" of other materials is not a basis for supplementation of the administrative record.

    In a case similar to the one before this Court – a challenge to NMFS's regulation of a tuna fishery – environmentalists demanded that the agency submit a "complete version" of the administrative record in a challenge of an agency finding associated with the International Dolphin Conservation Protection Act (IDCPA).  Defenders of Wildlife v. Dalton, No. 00-02-00060, 2000 WL 1562928, (C.I.T. Oct. 12, 2000).  Specifically, plaintiffs argued that a document in the administrative record referenced conversations of an agency official regarding IDCPA implementation, and moved to complete the record by including any correspondence to or from the official that was relevant to the case.  2000 WL 1562928, at *6.  The Court disagreed, finding that mere involvement of an official in the challenged decision did not mean the official was a relevant decision maker in the agency action at issue.  Id. (concluding that the official "was not the decisionmaker for the challenged determinations"); *see also* Nat'l Wildlife Fed'n v. U.S. Army Corps of Eng'rs, 384 F.3d 1163, 1174 (9th Cir. 2004) (holding that e-mail communications and memos between staff at federal agency did not represent the official view of the agencies and cannot be used as basis to invalidate final agency decision); Pacific Shores

Subdivision, 448 F. Supp. 2d at 6-7 ("[I]t is not enough for [plaintiffs] to state that the documents were before the entire [agency], but rather it must instead prove that the documents were before the [agency's] decisonmaker(s).") *citing* Overton Park, 401 U.S. at 420.

In another International Trade Court case, plaintiffs challenged a U.S. Customs Service ruling, and sought to supplement the administrative record with notes, memoranda and records that certain individuals had created. Ammex v. United States, 23 C.I.T. 549, 563 (C.I.T. 1999). Alleging that certain individuals participated in the rulemaking, Plaintiffs moved to include "memoranda stating the position of a particular branch of Customs concerning [the challenged agency action]." Id. at 564. The court found that the officials were not the relevant decision makers, and the "memoranda d[id] not indicate that the officials involved synthesized the relevant record documents..., formulated Customs' institutional position on this issue, drafted any part of [the ruling], or otherwise acted as an agency decisionmaker." Id. at 564. The Court thus denied the motion to supplement, holding that "relevant materials that were neither directly nor indirectly considered by agency decisionmakers should not be included." Id. at 555.

All documents before the decision maker, in this case, the Director of NMFS, are already in the administrative record. Those documents include public comments, advisory panel documents, draft and final versions of the rule, FMP, and the environmental impact statements. *See also*, Administrative Record Index (Jan. 12, 2007). In sum, to the extent that Plaintiffs' base their demands for supplementation of the administrative record on alleged relevance of a document, the motion should be denied. See also, Argument III.A., below.

III.    **Plaintiffs fail to prove that extra-record evidence should be considered.**

Arguments I and II above demonstrate that the adminstrative record, as filed by NMFS, is more than adequate, and should not be supplemented.  However, courts in this Circuit have drawn a distinction between supplementation of an administrative record, and the consideration of extra record evidence.  *See, e.g.* Pacific Shores Subdivision, 448 F. Supp. 2d at 5.  To the extent Plaintiffs ask this Court to consider extra-record evidence, that motion should be denied as well, because Plaintiffs fail to meet any exception warranting review of extra-record evidence.

In 2005, a U.S. district court surveyed D.C. Circuit cases on the question of when an administrative record can be supplemented, and when extra-record evidence can be considered, finding *four*[10] exceptions to the rule of on-the-record review:

> supplementation of the administrative record is the exception, not the norm. There are, however, some instances where a court may deem supplementation necessary. This Circuit has recognized four such instances.  First, supplementation of the record is warranted if the court needs background information in order to determine whether the agency considered all of the relevant factors.  Second, a court may look beyond the administrative record if it appears the agency deliberately or negligently excluded documents that may have been adverse to its decision.  Third, extra-record review is justified where the agency failed to explain administrative action so as to frustrate effective judicial review.  Finally, a court may supplement the administrative record where there is a strong showing of bad faith or improper behavior on the part of the agency.  Accordingly, Plaintiff must demonstrate that each of the challenged exhibits meets at least one of the exceptions listed above...

---

[10] Nearly 20 years ago, in Esch v. Yeutter, 876 F.2d 976, 991 (D.C. Cir. 1989), the D.C. Circuit quoted an article that cited eight "exceptions" to the rule of on-the-record judicial review.  *See*, Stark and Wald, *Setting No Records: the Failed Attempts to Limit the Record in Review of Administrative Action*, 36 Admin. L. Rev. 333, 335-336 (1984).  Later, the D.C. Circuit declared its own statements in Esch v. Yeutter to be dicta.  Peterson Farms I v. Espy, 1994 WL 26331, 15 F.3d 1160 (D.C. Cir. 1994)("the probative value of such dicta is limited.") *also cited in* Beverly Enterprises v. Herman, 130 F.Supp.2d 1, 8 fn. 2 (D.D.C. 2000)("applying the eight exceptions generally was 'dicta' in Esch."); *see also*, Am. Bioscience v. Thompson, 243 F.3d 579, 583 (D.C. Cir. 2001)(favorably citing a article highly critical of the Stark & Wald exceptions; namely, Gordon G. Young, *Judicial Review of Informal Agency Action on the Fiftieth Anniversary of the APA: the Alleged Demise and Actual Status of Overton Park's Requirement of Judicial Review "On the Record,"* 10 Admin. L. J. Am. U. 179, 226 (Spring 1996).)

<u>Nat'l Wilderness Inst. v. U.S. Army Corps of Eng'rs</u>, Civ No. 010273 (TFH), 2005 WL 691775 at *10 (D.D.C. March 23, 2005)(internal quotations and citations omitted).[11/]  Plaintiffs fail to prove that any of these exceptions apply.

### A.    All relevant factors were considered, as Plaintiffs' own motion proves.

Regarding the first exception set forth in <u>National Wilderness Institute</u>, where a court "needs background information in order to determine whether the agency considered all of the relevant factors," no such showing has been made in this case to suggest that the administrative record before this Court is inadequate.  In Plaintiffs' motion, they rely on the documents ***already*** in the administrative record in an effort to prove the details of their claim.  *Pl. Memo* at 8-11.  For example, citing AR Docs. D67 and D70, Plaintiffs claim that "there was a robust debate among scientists," and declare that the record must be supplemented to "sort out the underlying questions raised or any internal analyses."  *Pl. Memo* at 9.  As already explained in Argument I.B., above, Plaintiffs efforts to include these deliberative materials in the administrative record are inappropriate, and as explained in Argument II, alleged "relevance" is irrelevant.  However, for purposes of the "relevant factors" exception to the rule of on-the-record judicial review, Plaintiffs have already demonstrated, through their own motion, why the exception does not apply.  All the details Plaintiffs need to make their claims, and for the court to resolve them, are

---

[11/]  Chief District Court Judge Thomas F. Hogan cited, among others: <u>James Madison Ltd. v. Ludwig</u>, 82 F.3d 1085, 1095 (D.C. Cir. 1996)(internal citations and quotations omitted)("Ordinarily, courts confine their review to the administrative record... includ[ing] all materials compiled by the agency... before the agency at the time the decision was made); <u>Amfac Resorts, LLC v. U.S. Dep't of Interior</u>, 143 F. Supp. 2d 7, 11 (D.D.C. 2001)(citing cases discussing four established exceptions); <u>Environmental Defense Fund, Inc. v. Costle</u>, 657 F.2d 275, 285 (D.C. Cir. 1981)("In the time since <u>Overton Park</u> and <u>Camp v. Pitts</u>, several rules and exceptions governing the scope of informal agency action have emerged from subsequent decisions"); <u>Kent County v. EPA</u>, 963 F.2d 391, 395-96 (D.C.Cir.1992); <u>Camp v. Pitts</u>, 411 U.S. at 142-43; <u>Overton Park</u>, 401 U.S. at 420.

already in the record in the very documents they cite.  These documents in the administrative

record prove that the agency has not "failed to consider" any of the allegedly "relevant factors"

Plaintiffs seek to emphasize.

As the Supreme Court has further explained, the "relevant factors" test takes place at a

threshold level, and considers the legal question of whether the agency considered the things it

was supposed to consider:

> If the record before the agency does not support the agency action, if the agency has
> not considered all relevant factors, or if the reviewing court simply cannot evaluate
> the challenged agency action on the basis of the record before it, the proper course,
> except in rare circumstances, is to remand to the agency for additional investigation
> or explanation.

Florida Power & Light Co. v. Lorion, 470 U.S. 729, 743-744 (1985).

Continuing to misunderstand and misapply the "relevant factors" exception, Plaintiffs

cite Ethyl Corp. v. Environmental Protection Agency, 541 F. 2d 1, 36 (D.C. Cir. 1976) in *Pl.*

*Memo* at 6, to support their suggestion that other relevant documents need to be in the

administrative record.  However, in Ethyl Corp., while the D.C. Circuit did encourage close and

careful review of an agency's administrative record, it also noted that such review was necessary

to "enable the court to determine whether the agency decision was rational and based on

consideration of the relevant factors."  Ethyl Corp., 541 F.2d at 36.  Moreover, the D.C. Circuit

never endorsed a complete rewriting of the agency's stated decision; rather, it took an

appropriately narrow view of its own judicial role:

> Thus, after our careful study of the record, we must take a step back from the agency
> decision. We must look at the decision not as the chemist, biologist or statistician
> that we are qualified neither by training nor experience to be, but as a reviewing
> court exercising our narrowly defined duty of holding agencies to certain minimal
> standards of rationality. "Although [our] inquiry into the facts is to be searching and
> careful, the ultimate standard of review is a narrow one." Citizens to Preserve
> Overton Park, Inc. v. Volpe, 401 U.S. 402, 416 (1971). We must affirm unless the
> agency decision is arbitrary or capricious.

Ethyl Corp., 541 F.2d at 36-37 (internal citation edited).

If, upon review on the merits, this Court finds that NMFS failed to consider a relevant factor pursuant to the mandates of the Magnuson-Stevens Act, then this Court can remand the rule back to the agency. However, the purpose of the "relevant factors" test is *not* to allow a Court to add all allegedly "relevant" materials to an administrative record, and then to use those same materials to adjudicate the merits of the agency decision. To the extent Plaintiffs invoke this exception, they wholly misapply it, and they have not shown that the relevant factors exception to the rule of on-the-record judicial review applies.

**B.     Plaintiffs failed to prove that any other exception applies.**

Despite the fact that the burden to prove the applicability of an exception rests on the Plaintiffs, in their memorandum, Plaintiffs fail to even properly articulate the basis for which they seek to supplement the record or to include extra-record evidence. Instead, they loosely embrace every proposition, even including bad faith by the government, and assert that "[h]owever characterized, the Fisheries Service has failed to file the complete administrative record in this case, and should be ordered to do so." *Pl. Memo* at 12. Such a statement is woefully inadequate to satisfy their duty to overcome the presumption that the administrative record is proper, or to show that an exception applies. *See* San Luis Obispo Mothers for Peace v. Nuclear Regulatory Commission, 751 F.2d 1287, 1326-27 (D.C. Cir. 1984), *rev'd on other grounds*, 760 F.2d 1320 (D.C. Cir. 1985), *aff'd on rehearing en banc*, 789 F.2d 26 (D.C. Cir. 1986); *see also*, City of Santa Clarita v. United States DOI, 2005 U.S. Dist. LEXIS 27350 (E.D. Cal. 2005) ("Plaintiffs bear the burden of making an initial showing that the administrative record is inadequate for effective judicial review and that one of the exceptions to record review applies.") *citing* Animal Defense Council v. Hodel, 840 F.2d 1432, 1436-38 (9th Cir. 1988).

Even assuming, *arguendo*, that Plaintiffs had properly articulated any of the other three exceptions to the rule of on-the-record judicial review, none apply.

> **1.    No documents were deliberately or negligently excluded from the administrative record.**

Courts may look beyond the administrative record if it appears the agency deliberately or negligently excluded documents that may have been adverse to its decision.  <u>National Wilderness Institute</u>, 2005 WL 691775 at \*11 *citing* <u>James Madison Ltd. v. Ludwig</u>, 82 F.3d 1085, 1095 (D.C. Cir. 1996) and <u>Envtl. Defense Fund v. Blum</u>, 458 F. Supp. 650, 661 (D.D.C. 1978).  However, Plaintiffs do not assert that any documents were negligently overlooked.  To the extent that e-mails, telephone logs, and other handwritten notes were deliberately omitted from the administrative record, they were properly omitted for two reasons. First, they are not part of the documents directly or indirectly before the decision maker, and the existing administrative record encompasses all documents material to judicial review. *See* Argument I.A., above.  Second, even assuming, *arguendo*, that the documents could somehow be considered to be directly or indirectly before the decision maker, the documents are properly excluded from administrative record pursuant to the deliberative process privilege.  *See*, Argument I.B., above. *See also, Declaration of Alan Risenhoover* (March 6, 2007).

> **2.    The substantial administrative record is not so bare as to preclude judicial review.**

Extra-record review may also be justified where the agency failed to explain administrative action so as to frustrate effective judicial review.  <u>Nat'l Wilderness Inst.</u> 2005 WL 691775 at \*12 *citing* <u>Ludwig</u>, 82 F.3d at 1095, <u>Camp v. Pitts</u>, 411 U.S. at 142-43 and <u>AMFAC Resorts</u>, 143 F. Supp. 2d at 11.  However, only where an administrative record lacks a "contemporaneous explanation for the agency's action," would the exception to on-the-record

review apply.  Id.  Perhaps in support of this premise, Plaintiffs claim that the existing record has

"deprived the plaintiffs and this Court of the opportunity for meaningful judicial review."  *Pl.*

*Motion* at 1.  This unsupported assertion, by itself, clearly cannot overcome the presumption that

the substantial administrative record already filed by the agency is adequate.  *See* Argument I.

Notably, in cases where this exception has been invoked, courts found the administrative

record did not contain **_any_** explanation for the agency decision maker's action.  For example, in

AT&T Info. Systems v. General Services Admin. (GSA), AT&T sued GSA for releasing certain

price data to AT&T's competitor under a FOIA request.  810 F.2d 1233, 1235 (D.C. Cir. 1987).

In its administrative record, "GSA provided no rationalization . . . for its refusal to withhold the

price data."  Id. at 1236.  Thus, pointing to "the inadequacy of the record," the court remanded to

GSA to supply the missing rationale for the agency's action.  Id. at 1236.  *See also*, Saxon

Corporation v. United States Air Force, Civ.A.No.87-193, 1987 WL 8531 (D.D.C. March 5,

1987) at *2 (Where agency administrative record contained "no findings...  made at the time of

the decision" the court invoked the exception to on-the-record judicial review and granted the

plaintiff limited discovery "to clarify the record as it exist[ed]").

In contrast, here, the administrative record contains a contemporaneous explanation of

the agency decision regarding management of the bluefin tuna fishery, including scientific

studies, public comments and other documents demonstrating the facts before the agency

decision maker, and explaining the agency reasoning.  *See* Argument I.  Within the thousands of

pages in that administrative record, there is more than enough information to enable this Court to

undertake meaningful judicial review.  The administrative record is not so bare as to preclude

judicial review, and Plaintiffs' motion should be denied.

3. **Plaintiffs have not proven bad faith or improper behavior.**

Finally, a court may supplement the administrative record where there is a strong

showing of bad faith or improper behavior on the part of the agency.  Nat'l Wilderness Inst.,

2005 WL 691775 at *11 *citing* AMFAC Resorts, 143 F.Supp.2d at 11-12 *quoting* Cmty. for

Creative Non-Violence v. Lujan, 908 F.2d 992, 997 (D.C. Cir. 1990).  Plaintiffs, however, just

assert that the Government has "excluded contrary evidence" from the administrative record, *Pl.*

*Memo* at 10, 12, and then from that false assertion, declare that bad faith or improper behavior

may apply.

As a factual matter, Plaintiffs are wrong.  The administrative record includes information

both supporting and opposing the agency's conclusions.  For example, the administrative record

contains hundreds of pages of public comments and associated attachments.  AR Doc. M67 and

O253 (comments from The Ocean Conservancy); AR Docs. M81 and O250 (comments from

Blue Water Fishermen Association); AR Doc. O49 (Recreational Fishing Alliance letters).

Similarly, the administrative record includes competing information and evaluations of the

modeling data used to understand effectiveness of fishery time and area closures.  AR Doc. E12

at 4-26 to 4-33 (Final Fishery Management Plan Environmental Impact Statement, discussing

NMFS' preferred model) and AR Docs. G3, G4, and G5 (discussing alternative models).

As a legal matter, Plaintiffs are wrong again.  Plaintiffs cannot just cite one case and

declare bad faith.  *Pl.Memo* at 12, *citing* Mar. Mgmt. Inc. v. United States, 242 F.3d 1326, 1335

& n.14 (11th Cir. 2001).  Rather, the Plaintiffs bear a heavy burden to prove bad faith by the

government.  James Madison Ltd. by Hecht v. Ludwig, 82 F.3d 1085, 1097 (D.C. Cir.

1996)(plaintiffs "failed to make the 'strong showing' of bad faith") *citing* Citizens to Preserve

Overton Park v. Volpe, 401 U.S. 402, 420 (1971) *abrogated on other grounds by* Califano v.

Sanders, 430 U.S. 99, 105 (1977).   In fact, Plaintiffs must produce independent evidence of bad

faith.  *See e.g.,* San Luis Obispo Mothers For Peace, 789 F.2d at 44-45 (en banc)("We will not

examine the transcripts to determine if we may examine the transcripts.")

       In sum, Plaintiffs have not made any showing that the bad faith exception to the rule of

on-the-record judicial review applies.  Their motion, therefore, should be denied.

**CONCLUSION**

       For all the reasons above, Plaintiffs' motion should be denied.

                             Respectfully submitted this 6th of March, 2007,

                             MATTHEW J. McKEOWN
                             Assistant Attorney General

                             /s/
                             _____
                             KEITH W. RIZZARDI
                             U.S. Department of Justice
                             Environment & Natural Resources Division
                             Wildlife and Marine Resources Section
                             Ben Franklin Station
                             Post Office Box 7369
OF COUNSEL:                  Washington, D.C. 20044-7369
                             Telephone: (202) 305-0209

Constance Sathre
 NOAA Office of General Counsel
1315 East-West Highway
Silver Spring, MD 20910